Pesante *v.* Sucesión Manrique de Lara.

Apelación procedente de la Corte de Distrito de

Aguadilla.

No. 20.    Resuelto en Junio 20, 1905.

Dominio.—Venta de bienes inmuebles á distintos compradores.—Requisito para el ejercicio de la acción.—Excepción previa.—Es condición esencial para el ejercicio de una acción derivada de la prioridad de un contrato de venta de cosa inmueble, hecho con distintos compradores, que se exprese en la demanda que el actor inscribió su propiedad, en el Registro con anterioridad á los demás; faltando esa condición, falta base para dicha acción y contra ella podrá alegarse con éxito la excepción de que la demanda no aduce hechos suficientes para constituir una causa de acción.

Títulos no inscritos.—Derechos sujetos á inscripción.—Terceros.—De acuerdo con los preceptos de la Ley Hipotecaria, ningún documento no inscrito y por el cual se constituyan, trasmitan, reconozcan, modifiquen ó extingan derechos sujetos á inscripción, es admisible en los Tribunales, si el objeto de su presentación fuese hacer efectivo en perjuicio de tercero, el derecho que debió ser inscrito.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. López Landrón.*

Abogado del apelado: *Sr. Herminio Díaz.*

El Juez Asociado Sr. Hernández, emitió la opinión del tribunal.

Con fecha 31 de Julio de 1904 Don José Ramón A. Pesante, por medio de su Abogado Don Juan Quintero, estableció demanda ante la Corte de Distrito de Aguadilla contra Don Justo Goicovitch y Cebollero y la Sucesión de Don Antonio Manrique de Lara, compuesta de Doña Josefa, esposa de Don Manuel Janer, Doña María de las Mercedes, consorte de Don Juan Cayuela, Don Antonio Doña Manuela y Don Salvador Manrique de Lara y Campí, en cuya demanda alega que por los años de 1865 á 67, en que se presentó en concurso Don Manuel María Morales, adquirió Don Manuel Pereira créditos contra dicho concurso por la cantidad de 17,003 pesos con 37 centavos y además, por una cuenta de administración; que Pereira, en 29 de Noviembre de 1871, remató la Hacienda "Concepción", único haber activo del concurso, y aprobado el remate á su favor, se ordenó su cumplimiento en 19 de Enero de 1876; que muerto Pereira le sucedió como heredera universal su viuda Doña Isidora Sánchez, la cual reconociendo que aquél era deudor de Don José Ramón Arístides Pesante otorgó á favor de éste en 18 de Octubre de 1876, por medio de su apoderado general Don Vicente Vidal escritura pública de cesión de cuantos derechos y acciones tenía su referido esposo sobre la Hacienda "Concepción"; que en 13 de Octubre de 1880 Doña Isidora Sánchez, sin tener en cuenta la cesión hecha á Pesante, vendió por escritura pública aquellas mismas

acciones y derechos á Don Justo Goicovitch, y Cebollero, cuya venta fué ilegal por carecer de dominio sobre la cosa vendida; que Goicovitch, por escritura pública de 29 de Agosto de 1893, vendió sus derechos al Abogado Don Antonio Manrique de Lara y luego éste adquirió la finca mediante escritura que le otorgó el Juez de Primera Instancia Sr. Surra de Caray; y por el mérito de esos hechos, suplicó el demandante se decretara por sentencia la nulidad de dichas escrituras y fuera puesto en posesión de la Hacienda "Concepción", llevándose nota de la sentencia al Registro de la Propiedad para que quedaran sin efecto los asientos que en él existan.

Los demandados Doña Josefa, Doña Manuela y Don Antonio Manrique de Lara, y Don Manuel Janer, como esposo de la primera, contestaron la demanda solicitando se declarara sin lugar con las costas á cargo del demandante, por cuanto las escrituras, cuya nulidad se pretendía, ó sean la otorgada por Da. Isidora Sánchez á favor de Don Justo Goicovitch, la de éste á favor de Don Antonio Manrique de Lara, y la de venta judicial hecha al último por el Juzgado de 1a. Instancia de la ciudad de Mayagüez, habían sido otorgadas hacía más de cuatro años, y la acción de nulidad sólo puede ejercitarse dentro de los cuatro años siguientes al otorgamiento de la escritura, cuya nulidad se trate de pedir, según el artículo 1301 del Código Civil antes vigente.

Los otros demandados, Doña Mercedes y Don Salvador Manrique de Lara, al contestar la demanda negaron todos los hechos en que se funda, y sostuvieron que aún probados esos hechos, no eran suficientes para constituir una causa de acción, por cuanto la doble venta de un inmueble no produce por sí la nulidad de su adquisición, y ha debido expresarse si el inmueble estaba inscrito en el Registro de la Propiedad á nombre de la parte demandante, lo que no ha podido hacerse, porque la finca de que se trata está

inscrita á nombre de Don Antonio Manrique de Lara, de quien los demandados están declarados herederos.

Trajéronse como pruebas al juicio los siguientes documentos:

1.—Copia de la escritura pública otorgada en 18 de Octubre de 1876 de la que aparece que D. Vicente Vidal, como apoderado general de Doña Isidora Sánchez, viuda de Pereira, cedió á favor de Don José Ramón Arístides Pesante, cuantas acciones y derechos le correspondían y pudieran corresponderle para el cobro á Don Juan Angel Monge de diez y siete mil setecientos setenta y seis pesos que éste adeudaba á su causante Don Manuel Pereira, á virtud de documento privado de 12 de Agosto de 1875, por virtud del cual Pereira cedió á Monge todos los créditos, derechos y acciones que poseía contra la Hacienda "Concepción", bajo los pactos y condiciones que en dicho documento privado se expresan, verificándose á favor de Pesante aquella cesión para el pago de igual cantidad de 17,776 pesos que Pereira le adeudaba, según liquidación de cuentas, crédito procedente en su mayor parte de sumas que en efectivo facilitó Pesante á Pereira para la adquisición de las mismas deudas, créditos, derechos y acciones que representaba Pereira sobre la Hacienda "Concepción," y que, mediante el documento privado de referencia, cedió á Monge.

2—Copia de la escritura pública de 13 de Octubre de 1880, creditiva de que Da. Isidora Sánchez como heredera universal de su difunto esposo Don Manuel Pereira, rematista de la Hacienda "Concepción," perteneciente al concurso de Don Manuel María Morales, hizo cesión á Don Justo Goicovitch y Cebollero de las acciones y derechos que tenía al remate de dicha Hacienda, y cuyas condiciones por falta de recursos no podía cumplir.

3.—Copia de la escritura pública de 29 de Agosto de 1893 por la que D. Justo Goicovitch y Cebollero, expresando que hubo la Hacienda "Concepción" mediante escritu-

ra de venta que á su favor otorgó el Juez de Primera Instancia del Distrito de Mayagüez D. Pedro Surra de Garay, el 14 de dicho mes, á virtud de remate de dicha finca hecho por Pereira, y cuyos derechos le fueron cedidos por su viuda en 13 de Octubre de 1880, vendió á Don Antonio Manrique de Lara las dos terceras partes en condominio proindiviso de la Hacienda "Concepción" por precio de ocho mil pesos, que quedaron en poder de Manrique de Lara para el pago de igual cantidad que se le adeudaba por concepto expresado en dicha escritura.

Con tales antecedentes la Corte de Distrito de Aguadilla dictó sentencia, que copiada á la letra, dice así:

"Número 29.—José Ramón A. Pesante, Demandante.—Justo Goicovitch y otros, Demandados.—Sentencia.—Nulidad de escrituras é inscripciones.—En la Corte de Distrito del Distrito Judicial de Aguadilla, P. R., á 17 de Enero de 1905.

"El día diez de Enero de mil novecientos cinco fué llamado este caso para juicio, compareciendo el demandante con su Abogado Sr. Quintero y el demandado por su Abogado Sr. Arnaldo; y el Tribunal, después de oir los alegatos y pruebas de las partes é informes de los Letrados, señaló una de las próximas sesiones para dictar sentencia; y, por tanto, en el día de hoy, la Corte declara: que es de opinión que la ley y los hechos están con Don Justo Goicovitch y otros en el asunto de nulidad de escrituras é inscripciones y por cuanto debe ordenar y ordena que se declare sin lugar la demanda con las costas á cargo del demandante.—Arturo Aponte.—Testifico: Lino Vázquez, Secretario.

Contra esa sentencia interpuso la representación de Don José Ramón A. Pesante recurso de apelación; y tramitado dicho recurso con alegatos escritos de ambas partes, sin que el Letrado de la apelada asistiera al acto de la vista, pende hoy de decisión ante esta Corte Suprema.

Como se ve, por lo que se deja expuesto, unos demandados han propuesto la excepción de que la demanda no aduce hechos suficientes para determinar una causa de acción, y otros han alegado la excepción de prescripción.

La parte actora funda su acción en que Da. Isidora

Sánchez cedió primeramente sus derechos y acciones sobre la Hacienda "Concepción" á Don José Ramón Arístides Pesante, y después á Don Justo Goicovitch, quien luego hizo igual cesión á Don Antonio Manrique de Lara, á quien hoy representan los demandados.

Ese caso está previsto en el artículo 1473 del Código Civil antiguo, que es el 1376 de igual Código reformado, y que, copiado á la letra, dice así:

"Si una misma cosa se hubiese vendido á diferentes compradores, la propiedad se trasferirá á la persona que primero haya tomado posesión de ella, con buena fé, si fuere mueble. Si fuere inmueble, la propiedad pertenecerá al adquirente que antes la haya inscrito en el Registro. Cuando no haya inscripción, pertenecerá la propiedad á quien de buena fé sea primero en la posesión; y faltando ésta, á quien presente título de fecha más antigua, siempre que haya buena fé."

De ese artículo se desprende que es condición esencial para el ejercicio de una acción derivada de la prioridad de un contrato de venta de cosa inmueble hecho con distintos compradores, que se exprese en la demanda que el demandante inscribió su propiedad en el Registro de la Propiedad antes que los demás, pues faltando esa condición falta base para dicha acción. Como la súplica de la demanda claramente revela que Don José Ramón Arístides Pesante no está en posesión de la finca reclamada, puesto que solicita esa posesión, claro es que no le afecta el último apartado del artículo de referencia.

Ni cabe argüir que el caso presente no puede regirse por los preceptos del Código Civil antiguo ó moderno, pues desde que comenzó á regir la Ley Hipotecaria ningún documento por el cual se constituyan, trasmitan, reconozcan, modifiquen ó extingan derechos sujetos á inscripción, es admisible en los Tribunales, si el objeto de la presentación es hacer efectivo en perjuicio de tercero el derecho que debió ser inscrito.

Estaba, pues, D. José Ramón Arístides Pesante en el

deber de expresar en la demanda que tenía inscrito su título en el Registro de la Propiedad; y no habiéndolo hecho así, es procedente la excepción alegada por semejante omisión.

Pero aún hay más, y es que Don José Ramón Arístides Pesante no ha presentado título de propiedad de la Hacienda ''Concepción'', pues la escritura de 18 de Octubre de 1876 no es traslativa de los derechos y acciones que tuviera Da. Isidora Sánchez sobre la Hacienda ''Concepción'', sino de cesión de derechos y acciones para el cobro de 17,776 pesos que Don Juan Angel Monge adeudaba á Don Manuel Pereira.

No existiendo causa de acción para interponer la demanda, ocioso se hace considerar si dicha acción ha prescrito ó no.

Por las razones expuestas, procede se confirme la sentencia apelada, con las costas del recurso también á cargo de la parte apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Figueras, MacLeary y Wolf.